■ COLISEUM HOLDINGS, INC., Appellant, v THELEN REID & PRIEST, LLP, et al., Respondents. [743 NYS2d 866] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 6, 2001, which, in an action for fraud, granted defendants' motion to dismiss the complaint as time barred, and order, same court and Justice, entered January 15, 2002, which denied plaintiff's motion to renew, unanimously affirmed, with costs.

All parties agree that Florida law applies, under which a four-year statute of limitations for fraud begins to run at "the time the facts giving rise to the cause of action were discovered

or should have been discovered with the exercise of due diligence" (Fla Stat Ann § 95.031 [2] [a]). That is, the plaintiff must have " 'notice of the possible invasion of [his] legal rights [*Jackson v Georgopolous*, 552 So 2d 215, 218 (Fla)],' " but "it [is] not necessary that [he] know of all elements of his alleged cause of action, specifically in this case the element of fraudulent intent on the part of defendant[s]" (*Breitz v Lykes-Pasco Packing Co.*, 561 So 2d 1204, 1205 [Fla Ct App, 2nd Dist]). As the motion court held, plaintiff necessarily had that type of notice in 1993, more than four years prior to his commencement of this action, when his predecessor in interest brought an action alleging essentially the same claim as here, i.e., that it was denied its rights under the subject contract because of the wrongful actions of others, including, in particular, defendants herein. Although defendants herein were not parties in the prior action and although plaintiff now seeks damages for fraud instead of specific performance, it remains that the prior action and the instant action arose from the same transactions and occurrences. If plaintiff presently has notice of the possible invasion of his legal rights by defendants herein, he must have had such notice in 1993. Plaintiff's motion to renew based on a purported change in Florida law relating to equitable estoppel was properly denied, the case on which plaintiff relies itself indicating that it was not making any changes in the law (*Major League Baseball v Morsani*, 790 So 2d 1071, 1078 [Fla Sup Ct], *approving in part* 739 So 2d 610 [Fla Ct App, 2nd Dist]). Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.